# Exhibit 2

## PPM 3-32a

# Consensual Relations

| No. 3-32a | Rev. 11-18-98 | Date 6-1-95 |

I. POLICY

Amorous relationships between University employees and either other employees or students over whom the employee exercises supervisory or evaluative authority are generally unwise because of the power imbalance in the relationship. Such relationships may damage the perception of WSU's integrity as an academic institution in the eyes of the community at large, and imperil its commitment to a professional atmosphere in which individuals are judged solely by their ability and performance in the eyes of its own employees and students. Consensual relations may also harm the persons involved, especially the individual who holds less administrative authority (or power). Hence, consensual relationships entail the possibility of abuse and create concerns about conflicts of interest and the validity of consent.

> A. Conflicts of Interest
> 
> When an amorous relationship has developed by mutual consent between a University employee in a supervisory position and an employee of less administrative authority (or power) or a student, conflicts of interest may be involved. It is a violation of University policy if the supervisory employee or faculty member exercises direct responsibility in evaluating the performance or ability of an employee or student with whom they share such a relationship (see also PPM 9-5 (https://www.weber.edu/ppm/Policies/9-5_FacultyResponsibilitiesStu.html)), para. 11). Because third parties may be harmed by a consensual amorous relationship in this circumstance, such individuals have the right to initiate a complaint under this policy.
> 
> When such a conflict of interest exists, the University member with evaluative responsibility will notify his or her immediate supervisor who will make alternative arrangements with other qualified personnel in order to eliminate or mitigate the problem. A University employee or faculty member who fails to identify such a situation to her or his supervisor, and make alternative arrangements to eliminate or mitigate the problem, violates this policy. (This applies the same rationale and technique employed in the similar situation of nepotism when family members' participation is limited. PPM 3-6 (https://www.weber.edu/ppm/Policies/3-6_EmploymentRelatives.html))
> 
> B. Validity of Consent
> 
> Power differentials between the parties in an amorous relationship may give rise to other serious problems even when conflicts of interest are avoided or resolved. The student or employee with lesser power may fear reprisals even when no specific threats are made. Conversely, the student or employee with lesser power may hope for rewards even when no specific promises are made. All WSU employees and students should be fully aware that sexual harassment is prohibited by institutional policy (PPM 3-32 (https://www.weber.edu/ppm/Policies/3-32_DiscriminationHarassment.html)). A WSU supervisory employee or faculty who becomes involved in such an amorous relationship with an employee of less administrative authority (or power) or a student needs to be aware that if subsequent charges of sexual harassment are lodged, it may be difficult to sustain a defense merely on the grounds of mutual consent.